■ JOHN A. ROMAS, Respondent, v. PETE ADREGNA, Defendant, and ALBERT C. FORGENCI, Appellant.— Motion for an order substituting an executor as respondent, amending the title of the action accordingly, and granting judgment to the executor in accordance with the decision of this court, dated November 26, 1957. Motion granted, upon stipulation, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ. [See 4 A D 2d 992.]

■ PHILIP J. ROSE, Respondent, v. MAURICE S. IMRIE, Appellant.— Appeal from a judgment of the Supreme Court, entered in Warren County upon a decision of the court at a Trial Term without a jury. The judgment was for the specific performance by defendant of his contract to purchase certain realty. He contends that certain clauses were added to the writing constituting the alleged contract, after he had signed it. He asserts, also, that the agreement was to be conditioned on his obtaining a mortgage loan (and actually he did obtain from a savings and loan association at least an informal commitment to take a mortgage for a substantial amount) and was to be conditioned, further, on the portion of the premises northerly of the dwelling being adequate to accommodate a garage. The trial court found that the writing contained the complete agreement of the parties, that no material element was left for future negotiation and that the agreement was delivered unconditionally. Upon the record before us these conclusions were warranted and we cannot say that the trier of the facts erred in finding them established by the preponderance of the evidence, thus accepting the testimony of plaintiff and his agent and rejecting the evidence adduced by defendant including the arguable inferences which defendant urges should be drawn from the circumstances of the date of the check given by defendant's wife and the time of the mailing to defendant of his copy of the contract. We find no merit in appellant's final contention that the granting of specific performance constituted an abuse of discretion. The relief awarded was warranted by the evidence. Judgment affirmed, with costs to respondent. Bergan, J. P., Coon, Halpern and Gibson, JJ., concur.